UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>NAPA STATE HOSPITAL,<br><br>Defendant. | Case No. 18-07620 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Napa State Hospital ("NHS"). Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1  upon which relief may be granted or seek monetary relief from a defendant who is immune
2  from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally
3  construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the
7  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that while he was at NHS from August 7, 2018 to August 28, 2018, he experienced unsanitary conditions in the bathrooms and showers which are not adequately and regularly cleaned. (Compl. at 3.) The only named defendant is NHS. (*Id.* at 2.) Plaintiff seeks injunctive relief and damages. (*Id.* at 3.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

Plaintiff's claim that he suffered unsanitary conditions for the three weeks he was at NHS is sufficient to satisfy the objective component of the Eighth Amendment claim. *See Johnson v. Lewis*, 217 F.3d 726, 732-733 (9th Cir. 2000) (substantial deprivations of

2

shelter, food, drinking water or sanitation for four days are sufficiently serious to satisfy the objective component of an Eighth Amendment claim). However, Plaintiff fails to satisfy the second element to state a § 1983 claim, i.e., that a person acting under the color of state law committed the Eighth Amendment violation. Plaintiff names NHS as the sole defendant, but NHS is not an individual nor a "person" to satisfy the second element. Plaintiff shall be granted leave to amend to state a proper defendant.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Plaintiff requests injunctive relief in having "the bathroom facilities cleaned twice a day morning and afternoon seven days a week." (Compl. at 3.) Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). When an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive should be dismissed as moot. *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995); *cf. Sadorski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of class claim for injunctive relief because inmate was no longer incarcerated pursuant to an unlawfully modified sentence and therefore had no personal stake in the outcome of this litigation) (citing *Flast v. Cohen*, 392 U.S. 83, 101 (1968)). Plaintiff was at NHS until August 28, 2018, and is currently at

3

Mendocino County Jail. (Compl. at 1, 3.) Therefore, if Plaintiff wishes to pursue injunctive relief, he must demonstrate the probability that he will again be subjected to the prison conditions at NSH in the amended complaint. *See Dilley*, 64 F.3d at 1368-69.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-07620 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED**

Dated: May 10, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\07620Silverman_dwlta

4