UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB S. SILVERMAN,
    Plaintiff,

v.

NAPA STATE HOSPITAL, et al.,
    Defendant.

Case No. 18-07620 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Napa State Hospital ("NHS"). The Court dismissed the complaint with leave to amend for Plaintiff to name a proper defendant for this action to proceed. (Docket No. 7.) Plaintiff has filed an amended complaint. (Docket No. 8.)

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

In the original complaint, Plaintiff claimed that while he was at NHS from August 7, 2018 to August 28, 2018, he experienced unsanitary conditions in the bathrooms and showers which were not adequately and regularly cleaned. (Docket No. 1 at 3.) The only named defendant was NHS. (*Id.* at 2.) In the amended complaint, Plaintiff alleges the same unsanitary conditions during the same period of time, but this time names the following as Defendants: "Napa State Hospital (NSH), Napa County Board of Supervisor(s) Doe(s), Chairmen(s) Doe(s) of Operations for bathroom/shower sanitations, Supervisor(s) Doe(s) of Unit Q-9 bathroom/shower sanitations, at NSH." (Docket No. 8 at 1, caption.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are

2

met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

As the Court already found, (Docket No. 7 at 2-3), Plaintiff's claim that he suffered unsanitary conditions for the three weeks he was at NHS is sufficient to satisfy the objective component of the Eighth Amendment claim. *See Johnson v. Lewis*, 217 F.3d 726, 732-733 (9th Cir. 2000) (substantial deprivations of shelter, food, drinking water or sanitation for four days are sufficiently serious to satisfy the objective component of an Eighth Amendment claim). However, Plaintiff has again failed to satisfy the second element to state a § 1983 claim, i.e., that a person acting under the color of state law committed the Eighth Amendment violation. Plaintiff again names NHS as the defendant, but NHS is not an individual nor a "person" to satisfy the second element. Plaintiff also attempts to name several "Doe" Defendants, such as the Napa County Board of Supervisors, but makes no causal link between them and the deprivation alleged. The only potential defendant is the "Supervisor" of "Unit Q-9," if such a person exists, because presumably that person would have been responsible for the maintaining the bathrooms and showers in Unit Q-9, where the allegedly unsanitary conditions existed. Plaintiff shall be granted one final opportunity to file another amended complaint to identify at least one proper defendant by name such that this matter can be served on that defendant. Plaintiff must also plead sufficient facts to establish liability against the named defendant in accordance with the following legal principles.

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the

3

deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a SECOND amended complaint to attempt to correct the deficiencies discussed above. The second amended complaint must include the caption and civil case number used in this order, Case No. C 18-07620 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes the original and amended complaints, which are treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED**

Dated: _September 23, 2019_

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to File Second Am. Compl.
PRO-SE\BLF\CR.18\07620Silverman_dwlta2

4