UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br>Plaintiff,<br>v.<br>NAPA STATE HOSPITAL, et al.,<br>Defendant. | Case No. 18-07620 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Napa State Hospital ("NHS") for inhumane conditions. The Court twice dismissed the complaint with leave to amend for Plaintiff to name a proper defendant for this action to proceed. Dkt. Nos. 7, 10. Plaintiff has filed an amendment, naming two individuals as defendants. Dkt. No. 12.

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

In the original complaint, Plaintiff claimed that while he was at NHS from August 7, 2018 to August 28, 2018, he experienced unsanitary conditions in the bathrooms and showers which were not adequately and regularly cleaned. (Docket No. 1 at 3.) The only named defendant was NHS. (*Id.* at 2.) In an amended complaint, Plaintiff alleged the same unsanitary conditions during the same period of time, but named the following as Defendants: "Napa State Hospital (NSH), Napa County Board of Supervisor(s) Doe(s), Chairmen(s) Doe(s) of Operations for bathroom/shower sanitations, Supervisor(s) Doe(s) of Unit Q-9 bathroom/shower sanitations, at NSH." DKt. No. 8 at 1, caption. The Court advised Plaintiff that the only potential defendant for this action was the "Supervisor" of "Unit Q-9," if such a person exists, because presumably that person would have been responsible for the maintaining the bathrooms and showers in Unit Q-9, where the allegedly unsanitary conditions existed. Dkt. No. 10 at 3.

In response, Plaintiff has filed a document titled, "Plaintiff's amending of complaint to add defendants named as Erin Sherman and Ken Maiseld – Supervisors." Dkt. No. 12. The Court construes this document as an amendment to the amended complaint rather than a second amended complaint, which would supersede the prior amended complaint in its entirety. In this amendment, Plaintiff names as Defendants Supervisors Ken Maiseld and

Erin Sherman, who "knowingly declined plaintiff the ability to use cleaning disinfectants to sanitize the bathrooms" and "deliberately declined to create a proper professional sanitary environment to use the bathroom and shower." Dkt. No. 12 at 1. With this information, Plaintiff has stated a cognizable claim for unsanitary conditions at NHS during the time described. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

## CONCLUSION

1. This action shall proceed against Defendants Erin Sherman and Ken Maiseld at NHS. The Clerk shall terminate all other Defendants from this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the first amended complaint and the amendment thereto, Dkt. Nos. 8, 12, all attachments thereto, and a copy of this order upon **Defendants Supervisors Erin Sherman and Ken Maiseld** at the **Napa State Hospital, (2100 Napa-Vallejo Highway, Napa, CA 94558-6293).** The Clerk shall also mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of

3

service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18

4

F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**

Dated: _March 30, 2020_

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.18\07620Silverman_svc

5