UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NAPA STATE HOSPITAL, et. al,<br><br>    Defendants. | Case No. 18-07620-BLF(PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT MORE INFORMATION FOR DEFENDANT ERIN SHERMAN** |

Plaintiff, a California inmate at the time of filing[1], filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Napa State Hospital ("NSH"). Dkt. No. 1. On November 6, 2019, Plaintiff filed an amended complaint, which is the operative complaint in this matter. Dkt. No. 12. On March 30, 2020, the Court ordered service and directed defendants to file a dispositive motion or notice regarding such motion. Dkt. No. 13. The Clerk mailed Notices of Lawsuit and Requests for Waiver of Service of Summons to Defendants Erin Sherman and Ken Maiseld at NSH. Dkt. Nos. 14 and 15. On May 14, 2020, the documents mailed to Defendants Erin Sherman and Ken Maiseld were returned as undeliverable. Dkt. No. 16. After the documents were resent to NSH's Litigation Coordinator on June 22, 2020, Defendant Maisfeld filed a waiver of service on July 22, 2020. Dkt. No. 18. On July 23, 2020, Defendant Maiseld's counsel, Deputy Attorney General Wil Fong, filed a letter with the Court advising that Defendant Erin Sherman does

---

[1] On October 21, 2019, Plaintiff filed a notice of change of address, stating that he has been released on his own recognizance. Dkt. No. 11.

not work at NSH and that DSH-Napa is unable to locate any employee by that name. Dkt. No. 19. Accordingly, Defendant Sherman has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant Sherman are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information regarding Defendant Sherman's current whereabouts or face dismissal of his claims against this Defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding the current whereabouts for **Defendant Erin Sherman** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claims against Defendant Sherman shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __**August 21, 2020**_____

BETH LABSON FREEMAN
United States District Judge

Order Directing Pl. to Provide Court More Info. for Def. Sherman
PRO-SE\BLF\CR.18\07620Silverman_more info